# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

MICHAEL MAYFIELD, on behalf of himself and others similarly situated,

Plaintiff,

v.

ACE AMERICAN INSURANCE COMPANY,

Defendant.

Case No. C18-1695RSM

ORDER TRANSFERRING VENUE

This matter comes before the Court on Defendant ACE American Insurance Company's Motion to Transfer Venue, Dkt. #29. ACE moves to transfer venue to the United States District Court for the Northern District of Georgia. *Id.*

Under 28 U.S.C. § 1404, this Court has discretion to transfer this case in the interests of convenience and justice to another district in which venue would be proper. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Specifically, Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

ORDER TRANSFERRING VENUE - 1

28 U.S.C. § 1404(a). The purpose of this statute is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Pedigo Prods., Inc. v. Kimberly-Clark Worldwide, Inc.*, No. 3:12-CV-05502-BHS, 2013 U.S. Dist. LEXIS 12690, 2013 WL 364814, at *2 (W.D. Wash. Jan. 30, 2013) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)).

In the Ninth Circuit, district courts typically apply a nine-factor balancing test to determine whether to transfer a case under § 1404(a), examining: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, [] (8) the ease of access to sources of proof, and (9) the public policy considerations of the forum state." *Jones*, 211 F.3d at 498-99.

Plaintiff Michael Mayfield brings this ERISA action as a putative class action. Dkt. #1 at 1. As a benefit of his employment with Delta Air Lines, Mr. Mayfield was a participant in an insurance plan ("Plan") which included accidental death and dismemberment ("AD&D") insurance. *See id.* at ¶¶ 10-11; Dkt #29-1 at 6. Defendant ACE insured the Plan's AD&D benefit under the terms of a policy "delivered" in the State of Georgia. Dkt. #29-2 at 77.

The policy provided Mr. Mayfield coverage for him and his wife for accidental loss of life. This case concerns the death of Mrs. Mayfield, ACE's initial refusal to pay on the claim, and ACE's current refusal to pay interest on the delayed payment. *See* Dkt. #1. Mr. Mayfield brings this action on behalf of all others similarly situated—as a putative class action. *See id.*

Mr. Mayfield resides in the Western District of Washington and Defendant ACE is an insurance company licensed to conduct business in the State of Washington, incorporated and with its principal place of business in the State of Pennsylvania. *See id.* The Plan Administrator for the insurance policy at issue is the Administrative Committee of Delta Air Lines, Inc., located in the Northern District of Georgia. *See* Dkt. #29 at 2. The Plan is governed by ERISA but provides that it "shall be governed by the laws of the State of Georgia to the extent not preempted by ERISA." Dkt. #29-1 at 11.

ACE asserts that, in the applicable 3-year period from 2015 to 2018, 114 individuals submitted claims for benefits under the policy, and that of that number 45 reside in Georgia and 4 in Washington State. Dkt. #30 ("McCreary Decl."), ¶ 5.

Venue in ERISA cases is proper in any district "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). ACE argues that venue is proper in the Northern District of Georgia because (1) it is where the Plan is administered (*see* Dkt. #29-2 at 63), (2) the policy that forms the basis for the alleged breach of the Plan was delivered in Georgia (*see* Dkt. #2-2 at 77) and (3) ACE has at least some employees with knowledge of this case in Georgia (*see* McCreary Decl. at ¶ 6).

Plaintiff argues that Georgia law is unlikely to arise in this case, which is governed largely by federal law, and that "ACE fails to articulate a single question of state law that might arise." Dkt. #35 at 7. Plaintiff argues that his choice of forum should be given great weight, and that "as to the Delta plan participants, the majority reside somewhere outside Georgia." *Id.* at 9. Plaintiff cites *In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1078 (S.D. Cal. 2011) for the proposition that the class representatives' choice of forum should be given deference. *Id.*

ORDER TRANSFERRING VENUE - 3

Plaintiff argues that it is ACE, headquartered in Pennsylvania, and not Delta or the Plan, in Georgia, who corresponded with Plaintiff and ultimately denied his claim. *Id.* at 10.

On Reply, ACE generally repeats its prior points, but does offer some additional facts and citations to law. ACE cites the Declaration of Erin Haffner as evidence that the Plan was negotiated and executed in Georgia and cites two cases out of districts in the Ninth Circuit where the transferring court relied on such a factor. *Id.* at 3 (citing Dkt. #41 (Haffner Decl."), ¶ 9; *Liberty Surplus Ins. Corp. V. Perma-Pipe, Inc.*, No. C 13-0908 RS, 2013 U.S. Dist. LEXIS 121216, at *5 (N.D. Cal. Aug. 26, 2013); *Arrowood Surplus Lines Ins. Co. v. Paul Ryan Assocs.*, 2014 U.S. Dist. LEXIS 14923, at *8-9 (D. Haw. Jan. 29, 2014)). ACE cites several cases for the proposition that a Plaintiff's choice of forum is given less deference if it brought on behalf of a putative class. *Id.* at 5 (citing *Defazio v. Hollister Emp. Share Ownership Tr.*, 406 F. Supp. 2d 1085, 1088 (E.D. Cal. 2005); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)).

Based on the record before it, the Court is convinced that this case might have been brought in the Northern District of Georgia, and that it would be more convenient to all parties involved, including potential class members and witnesses, for the case to proceed in that district. Because this is a putative class action, the deference to Plaintiff's choice of forum is clearly reduced. *See In re Ferrero Litig.*, 768 F. Supp. 2d at 1078 (citing *Lou v. Belzberg*, *supra*). This case is distinct from *Ferrero* in that the connection to this forum is minimal. The apparent remaining issues for this case have more to do with the insurer and less to do with Plaintiff and the circumstances of his late wife's death. This case has a significant technical connection to Georgia, given that the Plan at issue was negotiated and executed there. To the extent Georgia law may apply to this case, that district is obviously more familiar with that

body of law.  Perhaps most importantly, locating this action in the Northern District of Georgia will reduce the costs of litigation for such parties, class members, witnesses, and counsel travelling from within Georgia or other states located on the East Coast.  Although both sides speculate as to the location of potential class members, the record appears clear that significantly more class members will be located in or near Georgia than in or near Washington State.  All of the above outweighs the reduced deference given to the Plaintiff's choice of forum.

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby FINDS and ORDERS that Defendant ACE American Insurance Company's Motion to Transfer Venue, Dkt. #29, is GRANTED.  this matter is hereby TRANSFERRED to the United States District Court for the Northern District of Georgia for all further proceedings.

DATED this 13 day of May 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE